IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



APR 11 2019

| | |
|---|---|
| UNITED STATES OF AMERICA | <u>**UNDER SEAL**</u> |
| v. | No. 1:19-cr-57 (LO) |
| PETER LE et al., | |
| Defendants. | |

## MOTION OF THE UNITED STATES
## TO SEAL SUPERSEDING INDICTMENT AND ARREST WARRANT

The United States, by and through the undersigned counsel, pursuant to Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia hereby moves to seal the superseding indictment returned April 11, 2019, in this case and the arrest warrant for Angel Hoang.

**I.     REASONS FOR SEALING (pursuant to Local Criminal Rule 49(B)(1))**

At the present time, the FBI and local authorities are conducting an investigation into the unlawful activities of the Reccless Tigers, a criminal street gang engaged in numerous criminal offenses in Northern Virginia.

Premature disclosure of the superseding indictment charging, for the first time, Angel Hoang, would jeopardize attempts to locate Angel Hoang and arrest her without jeopardizing her safety, the safety of law enforcement officers, and the safety of the public. Premature disclosure also might cause Angel Hoang to flee or destroy evidence relating to this investigation.

The United States has considered alternatives less drastic than sealing, including, for example, the possibility of redactions, and has determined that none would suffice to protect this

investigation.

## II. THE GOVERNING LAW (pursuant to Local Criminal Rule 49(B)(2))

It is generally recognized that the public has a common law right of access, but not a First Amendment right of access, to judicial documents, including documents associated with *ex parte* proceedings and search and arrest warrants. *Media General Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005); *In re Washington Post Company v. Hughes*, 923 F.2d 324, 326 (4th Cir. 1991). "But the right of access is qualified, and a judicial officer may deny access to search warrant documents if sealing is 'essential to preserve higher values' and 'narrowly tailored to serve that interest.'" *Media General Operations*, 417 F.3d at 429 (citations omitted); *see also In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) ("[t]he trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests"). Sealing the superseding indictment and arrest warrant in this case is within the discretionary powers of a judicial officer where, among other things, disclosure would hamper the ongoing investigation. *Media General Operations* 417 F.3d at 430; *see also In re Search Warrant for Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996).

Before a district court generally may seal judicial records or documents, it must (a) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (b) consider less drastic alternatives to sealing the documents, and (c) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

However, regarding the notice requirement in the specific context of a search warrant, the Fourth Circuit has cautioned that "the opportunity to object" cannot "arise prior to the entry of a sealing order when a search warrant has not been executed." *Media General Operations*, 417 F.3d at 429. "A rule to the contrary would endanger the lives of officers and agents and allow the subjects of the investigation to destroy or remove evidence before the execution of the search warrant." *Id.; see also Franks v. Delaware*, 438 U.S. 154, 169 (1978). The same rationale applies to arrest warrants. Accordingly, the government submits that the Court docket the motion in a way that discloses its nature as a motion to seal but makes no mention of the substance of the motion or that it pertains to a superseding indictment and the charging of an additional defendant, Angel Hoang

Finally, regarding the requirement of specific findings, the Fourth Circuit's precedents state that, "'in entering a sealing order, a 'judicial officer may explicitly adopt the facts that the government presents to justify sealing when the evidence appears creditable,'" *Media General Operations*, 417 F.3d at 429 (quoting *Goetz*, 886 F.2d at 65), so long as the ultimate "decision to seal the papers" is "made by the judicial officer," *Goetz*, 886 F.2d at 65. "Moreover, if appropriate, the government's submission and the [judicial] officer's reason for sealing the documents can be filed under seal." *Goetz*, 886 F.2d at 65; *see also In re Washington Post Co.*, 807 F.2d 383, 391 (4th Cir. 1986) ("if the court concludes that a denial of public access is warranted, the court may file its statement of the reasons for its decision under seal").

### III. PERIOD OF TIME FOR SEALING (pursuant to Local Criminal Rule 49(B)(3))

The government requests that the superseding indictment and arrest warrant for Angel Hoang remain sealed until Angel Hoang is arrested. At that time, the United States will move to unseal the superseding indictment and arrest warrant for Angel Hoang.

WHEREFORE, the United States respectfully requests that the Court enter the attached proposed order.

G. Zachary Terwilliger
United States Attorney

By: /s/ James L. Trump
James L. Trump
Assistant United States Attorney